◈AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

**FILED**
DEC 21 2015
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY R.        DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| VAHAG STEPANYAN [2] | Case Number: 13CR3481-BTM |
| | TODD LEVENTHAL |
| | Defendant's Attorney |

**REGISTRATION NO.** 48405048

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 OF THE INDICTMENT
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1349 | CONSPIRACY TO COMMIT BANK FRAUD | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) REMAINING COUNTS OF THE INDICTMENT is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100 to be paid at the rate of $25 per quarter through the Inmate Financial Responsibility Program.

☒ Fine waived     ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

NOVEMBER 23, 2015
Date of Imposition of Sentence

*Barry Ted Moskowitz*
HON. BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

13CR3481-BTM

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
   Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT: VAHAG STEPANYAN [2]
CASE NUMBER: 13CR3481-BTM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
THIRTY-THREE (33) MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

*(signature)*
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant serve his sentence as close to Las Vegas, Nevada as possible to facilitate family visits. That the defendant participate in the 500 hour RDAP program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

13CR3481-BTM

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: VAHAG STEPANYAN [2]
CASE NUMBER: 13CR3481-BTM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [x] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**13CR3481-BTM**

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: VAHAG STEPANYAN [2]
CASE NUMBER: **13CR3481-BTM**

Judgment—Page 4 of 5

## SPECIAL CONDITIONS OF SUPERVISION

- [X] Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

- [X] Participate in a program of alcohol abuse treatment including testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer.

- [ ] Not transport, harbor, or assist undocumented aliens.

- [ ] Not associate with undocumented aliens or alien smugglers.

- [ ] Not reenter the United States illegally.

- [ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

- [X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

- [X] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

- [X] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

- [ ] Participate in a program of mental health treatment as directed by the probation officer. The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant shall consent to the release of evaluations and treatment information to the probation officer and the Court by the mental health provider.

- [X] Make restitution to the Bank of America in the amount of $147,237.61, to be paid in installments of $200.00 per month.

- [X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

- [ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of    days upon release. This is a non punitive placement.

- [X] Seek and maintain full time employment and/or schooling or a combination of both.

- [X] Resolve all outstanding warrants within 90 days.

- [ ] Complete    hours of community service in a program approved by the probation officer within

- [X] Be prohibited from opening checking or credit accounts or incurring new credit charges or opening additional lines of credit without approval of the Probation Officer.

- [X] If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter or attempt to reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure.

- [X] The defendant shall notify the Collections Unit, United States Attorney's Office within 10 days, of obtaining any interest in property, directly or indirectly, valued at $1,000 or more including any interest obtained under any other name, or entity, including a trust, partnership, or corporation until restitution is paid in full. The defendant shall notify the Collections Unit, United States Attorney's Office at least 10 days, before transferring any interest in property valued at $1,000 or more owned directly or indirectly by the Defendant, including any interest held or owned under any other name or entity, including a trust, partnership, and/or corporations.

**13CR3481-BTM**

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | VAHAG STEPANYAN [2] | Judgment - Page 5 of 5 |
|---|---|---|
| CASE NUMBER: | 13CR3481-BTM | |

## RESTITUTION

The defendant shall pay restitution in the amount of   $147,237.61   unto the United States of America. For the benefit of Bank of America through the Clerk of Court

This sum shall be due immediately.   And shall be paid as follows:
During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $200 per month..

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

   The interest requirement is waived

13CR3481-BTM